Marvin WESTCOTT, Appellant,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, John Block, Secretary of Agriculture, Bruce Gustafson, Vinston D. Carlson, and Charles Leff, Appellees.

No. 84–2510.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1985.

Decided June 19, 1985.

Michael O. Johanns, Lincoln, Neb., for appellant.

Al J. Daniel, Jr., Dept. of Justice, Washington, D.C., for appellees.

Before ARNOLD, Circuit Judge, PHILLIPS,* Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

In this action the plaintiff, Marvin Westcott, who owns and operates two farms in Nuckolls and Phelps Counties, Nebraska, complains that the Department of Agriculture has illegally refused to allow him to combine his farms for purposes of the Payment-In-Kind (PIK) program. He asks for a writ of mandamus commanding the defendants to permit the combination of his farms as one farming unit. He also seeks damages in the amount of $100,000 against the Secretary of Agriculture and the three other individual defendants, who are members of a county Agricultural Stabilization and Conservation Service (ASCS) committee.

The central issue is whether certain amendments to the ASCS handbook that were relied on by defendants in denying the combination plaintiff seeks are invalid because not preceded by notice and an opportunity for public comment under 5 U.S.C. § 553(b). Defendants claim that the handbook amendments, known as CM–7 and CM–10, are exempt from the notice-and-comment requirement as "interpretative rules." 5 U.S.C. § 553(b)(A). The handbook amendments, in general, provide that tracts of land cannot be combined into one farm for PIK purposes if the combination would not be in the best interests of the PIK program, the purpose of which is to reduce agricultural production. In the present case, combination of plaintiff's farms was denied because, in the view of the Department of Agriculture, combination would permit plaintiff to take out of production dryland acreage that is comparatively less productive, while leaving in production irrigated acreage that is comparatively more productive, thus defeating the overall purpose of PIK.

The District Court,[1] in a thorough and comprehensive opinion, 611 F.Supp. 351 (D.Neb.1984), analyzed the applicable regulations and the handbook amendments at issue and concluded that the handbook amendments were interpretative only. They do no more than elaborate requirements that are implicit in the regulations already. Thus, in the District Court's view, issuance of the handbook amendments did not need to be preceded by notice and comment, as would be the case if they were "legislative" in character, in fact changing regulations that were already on the books.

After carefully considering the briefs of both parties and hearing oral argument, we are completely satisfied with the District Court's analysis, and we affirm on the basis of its well-reasoned opinion. See 8th Cir.R. 14.

Affirmed.

---

\* The Hon. Harry Phillips, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

1. The Hon. Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.